IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CODY LEE FULGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-CV-239-WKW |
| ) | [WO] |
| HOUSTON COUNTY SHERIFF ) | |
| OFFICE, *et al*., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against the Houston County Sheriff's Office, Judge Benjamin Lewis, District Attorney Patrick Jones, and former District Attorney Doug Valeska. He asserts that in November of 2016 he was arrested on 100 counts of possession of obscene visual material of minors. Bail on each count is set at $10,000. Plaintiff states he is disabled and impoverished which makes execution of an appearance bond on each count impossible. He complains Judge Lewis denied his request for a bond reduction. Plaintiff requests damages, declaratory relief, and his release from custody pending trial. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## A. Judge Lewis

### 1. Damages

Plaintiff names Judge Benjamin Lewis as a defendant. Plaintiff complains Judge Lewis denied his request for a bond reduction. Plaintiff's complaint against this defendant is due to be dismissed on the merits.

Plaintiff's claims against Judge Lewis emanate from actions taken in his judicial capacity during state court proceedings over which he had jurisdiction. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). Thus, a state court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015).

The court has reviewed Plaintiff's allegations against Judge Lewis and finds that they do not compel the conclusion that this defendant acted in clear absence of jurisdiction. Accordingly, Plaintiff's claim for monetary damages against Judge Lewis is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### 2. Declaratory and/or Injunctive Relief

#### a. <u>Non-Final Orders</u>.

Plaintiff's allegations against Judge Lewis concern rulings and/or decisions he made in his judicial capacity during district court proceedings over which he had jurisdiction. To the extent

Plaintiff seeks relief from adverse decisions issued by Judge Lewis which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (finding that "[i]n order to receive declaratory or injunctive relief, plaintiff[ ] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

    b. **Final Orders**.

With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Lewis which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotation marks and citation omitted). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court, is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 464 (internal quotation marks and citation omitted); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding federal district courts "do not have jurisdiction . . . over challenges to state court

3

decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (finding § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of requests for relief from final actions undertaken by Judge Lewis during proceedings related to Plaintiff's state criminal court proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *Neitzke*, 490 U.S. at 327.

**B.  Defendants Jones and Valeska**

Plaintiff names District Attorney Pat Jones and former District Attorney Doug Valeska as defendants. To the extent Plaintiff challenges the conduct of Defendants Jones and Valeska regarding the initiation and prosecution of matters associated with his state court criminal proceedings on the pending charges against him for possession of obscene material, such claims entitle him to no relief.

The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409,

420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of the process. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431). Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to the offenses about which he complains. In light of the foregoing Plaintiff's claims against District Attorney Jones and former District Attorney Valeska are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

C.  **The Houston County Sheriff's Office**

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Based on the foregoing, the court concludes that the Houston County Sheriff's Department is not a legal entity subject to suit. Plaintiff's complaint against this defendant is due to be dismissed.

5

**D. Miranda Claim**

Plaintiff complains that "unnamed investigators A & B" continued to question him during a custodial interrogation despite his request to have counsel present. Even if Plaintiff could ascertain the identity of the unknown investigators employed by the Houston County Sheriff's Department, his claim that they violated his *Miranda* rights is not cognizable under § 1983.[2]

*Miranda's* safeguards are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (quoting *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)). That is, *Miranda* is an exclusionary rule which acts as "a prophylactic measure to prevent violations of the right protected by the text of the Self–Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Id*. Therefore, an alleged *Miranda* violation is "not actionable under § 1983." *Id*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

It is further ORDERED that **on or before May 16, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 1st day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE